YUMET, PLAINTIFF AND APPELLEE, *v.* ROYAL INSURANCE
COMPANY, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Aguadilla in an Action
to Recover Insurance.—Motion for Change of Venue.

No. 2465.—Decided July 26, 1921.

VENUE—JURISDICTION—RESIDENCE—FOREIGN CORPORATION.—The mere fact that
a foreign corporation has established an agency in Porto Rico and in San
Juan does not justify the conclusion for the purpose of jurisdiction that the
said corporation has a residence in the Island. Therefore, it is of no conse-
quence that the defendant or its agent swore that the corporation had a
residence in San Juan, for that is simply a conclusion of law.

The facts are stated in the opinion.
Messrs. *E. Acuña* and *L. Janer Landrón* for the appellant.
Mr. *J. García Ducós* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The Royal Insurance Company is a foreign corporation
and when sued in Aguadilla asked for a change of venue to
San Juan on the ground, we take it, that its principal office
was located in San Juan.

Section 78 of the Code of Civil Procedure provides:

"The legal residence of merchants, in all that relates to com-
mercial acts and contracts and the consequences thereof, shall be
the town where their principal place of business is located.

"Persons who have commercial establishments situated in dif-
ferent judicial districts, may be sued in personal actions at their
principal place of business, or where the obligation was incurred,
at the election of the plaintiff."

The fundamental legal question is whether a foreign cor-
poration can acquire a residence in Porto Rico, section 81
of the Code of Civil Procedure providing that if none of the
defendants reside in the Island the action may be tried in
any district which the plaintiff may designate in his com-
plaint. Until we are convinced to the contrary we feel bound
to hold that the mere establishment of an agency in Porto
Rico and in San Juan does not establish a residence in the

Island.   40 Cyc. 102 *f*.   Hence, it would make no difference that defendant or its agent swore that the corporation had a residence in San Juan, because such a matter is a legal conclusion.

The court below, in refusing to transfer the cause, did not base its conclusion exclusively on this legal ground, but rather on a question of fact, namely, that defendant's affidavit did not satisfactorily show a residence in San Juan and that there was a conflict in the affidavits of the parties, which it decided in favor of the complainant.   Without stopping to examine the sufficiency of the oath to one of the affidavits, we may question whether the averment that the defendant "has as its sole office in Porto Rico the one established by its general agents, Sobrinos de Ezquiaga, in San Juan" is equivalent to saying that the defendant has established a domicile or residence in San Juan.   We hold that facts are wanting to prove such a residence or domicile and that the affidavit with certainty only shows the establishment of an agency.   The other affidavit tended to show only the fact that the Royal Insurance Company had no other agency in Porto Rico than the one established by its agents in San Juan.

Likewise, we feel bound to accept the conclusion of the court that it was not clearly shown that the sole agency of the Royal Insurance Company was in San Juan.   The showing by appellee was that there was an agency in Aguadilla.   Hence, even under section 78, if an insurance company could be considered as a merchant the venue was well laid.

The order appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Del Toro, Aldrey and Hutchison concurred.